THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**ZTE (USA) INC.,**<br><br>Defendant. | Civil Action No. 2:16-cv-____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Display Technologies, LLC ("Plaintiff") files this Complaint against ZTE (USA) Inc. ("Defendant") alleging as follows:

### PARTIES

1. Plaintiff Display Technologies, LLC is limited liability company organized under the state of Texas having a principal place of business at 1400 Preston Road, Ste. 400, Plano, TX 75093.

2. Upon information and belief Defendant is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business located at 2425 N. Central Expressway, Ste. 323, Richardson, TX 75080. Defendant can be served via its registered agent for service of process: Jing Li, 2425 N Central Expressway Suite 323, Richardson, Texas 75080.

**JURISDICTION AND VENUE**

3.  This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271(a), 281, and 284 - 85. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 and §1338(a).

4.  Venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

5.  Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

**COUNT I**
**(INFRINGEMENT OF U.S. PATENT NO. 9,300,723)**

6.  On March 29, 2016, United States Patent No. 9,300,723 (the "'723 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention titled "Enabling Social Interactive Wireless Communications."  A true and correct copy of the '723 Patent is attached hereto as Exhibit A.

7.  Mr. Leigh M. Rothschild is listed as the inventor of the '723 Patent.

8.  Plaintiff is the owner by assignment of the '723 Patent with all rights in and to that patent.

9.  Defendant directly or through intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems (*i.e.*, the Axon 7, Axon, and Axon Pro (collectively, the

"Accused Instrumentalities") that infringe claims 1, 3, 6, 7, 8, 9, 12, 14, 17, 18, 19, 20, 22, 24, 27, 28, 29, 30, 32, 34, 37, 38, 39, 40, 42, 44, 47, 48, 49, and 50 of the '723 Patent.

10. Upon information and belief, Defendant has been and is now infringing claims 1, 3, 6, 7, 8, 9, 12, 14, 17, 18, 19, 20, 22, 24, 27, 28, 29, 30, 32, 34, 37, 38, 39, 40, 42, 44, 47, 48, 49, and 50 of the Asserted Patent in the State of Texas, in this Judicial District, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, importing, selling and/or offering for sale Android mobile phones operating on Android 4.1 with Android Beam, NFC, and Bluetooth which all operate in substantially the same manner covered by one or more claims of the '723 Patent to the injury of Plaintiff. Defendant is thus infringing, literally infringing, and/or infringing the '723 Patent under the doctrine of equivalents. Defendant is thus liable for infringement of the '723 Patent pursuant to 35 U.S.C. §. 271(a).

11. Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, predecessors in interest to the '723 Patent complied with such requirements.

12. The Accused Instrumentalities infringe claim 1 of the '723 Patent and include at least one media terminal disposed in an accessible relation to at least one interactive computer network (*i.e.*, the Accused Instrumentalities include a Bluetooth networking device), a wireless range structured to permit authorized access to said at least one interactive computer network (*i.e.*, the Accused Instrumentalities include a NFC device which allows access to the Bluetooth network when used in combination with Android Beam), at least one media node disposable within said wireless range, wherein said at least one media node is detectable by said at least one media terminal (*i.e.*, the Accused Instrumentalities can be placed in contact with one another using the NFC device which automatically detects other devices once in NFC range), at least one digital media file initially disposed on at least one of said at least one media terminal or said at

least one media node (*i.e.*, the file to be transferred is initially disposed on the Accused Instrumentalities), said at least one media terminal being structured to detect said at least one media node disposed within said wireless range (*i.e.*, the Accused Instrumentalities use the NFC device to detect one another once within NFC range), a communication link structured to dispose said at least one media terminal and said at least one media node in a communicative relation with one another via said at least one interactive computer network (*i.e.*, the Accused Instrumentalities include a Bluetooth network device which operate to create a Bluetooth network), said communication link being initiated by said at least one media terminal (*i.e.*, the Accused Instrumentalities initiate a Bluetooth connection), said at least one media node and said at least one media terminal being structured to transmit said at least one digital media file therebetween via said communication link (*i.e.*, the Accused Instrumentalities are structured to transmit a file between them using the Bluetooth network), and said communication link is structured to bypass at least one media terminal security measure for a limited permissible use of the communication link by the media node to only transferring the at least one digital media file to, and displaying the at least one digital media file on, the at least one media terminal (*i.e.*, the Accused Instrumentalities use Android Beam to bypass Bluetooth security settings such as pairing solely for the purpose of transferring the file between them).  *See* Ex. B, Figs. 1-8.

13. The Accused Instrumentalities infringe claim 3 of the '723 Patent, wherein the transmission of the media file from the at least one media node to the at least one media terminal completely bypasses the security measure (*i.e.*, Android Beam bypasses the Bluetooth network security measure such as pairing when transmitting the file.)  *See* Ex. B, Figs. 1-7.

14. The Accused Instrumentalities infringe claim 6 of the '723 Patent, wherein the communication link is at least one of a peer-to-peer connection, Bluetooth connection, and a Wi-

Fi connection (*i.e.*, the Accused Instrumentalities includes a peer-to-peer communications link in the form of a Bluetooth connection). *See* Ex. B, Figs. 1-7.

15. The Accused Instrumentalities infringe claim 7 of the '723 Patent, wherein the at least one digital media file is at least one of an image file, video file, gaming file, and a streaming video file (*e.g.*, Android Beam is used to send video, image, or apps). *See* Ex. B, Figs. 1-7.

16. The Accused Instrumentalities infringe claim 8 of the '723 Patent by presenting the at least one digital media file on a display. *See* Ex. B, Figs. 1-7.

17. The Accused Instrumentalities infringe claim 9 of the '723 Patent, wherein the at least one digital media file is provided by the at least one media node (*e.g.*, the media file can be provided by either of the Accused Instrumentalities). *See* Ex. B, Figs. 1-7.

18. The Accused Instrumentalities infringe claim 12 of the '723 Patent, and includes a wireless receiver (*i.e.*, the Accused Instrumentalities include a NFC device); a security measure (*i.e.*, Bluetooth security measures such as pairing requirements); and the media system disposed in an accessible relation to at least one interactive computer network that has a wireless range structured to permit authorized access to said at least one interactive computer network (*i.e.*, the Accused Instrumentalities include a NFC device which allows access to the Bluetooth network when used in combination with Android Beam), the wireless mobile device within said wireless range, wherein said wireless mobile device is detectable by said media system (*i.e.*, the Accused Instrumentalities can be placed in contact with one another using NFC which automatically detects other devices once in NFC range), at least one digital media file initially disposed on the wireless mobile device, said media system being structured to detect said wireless mobile device disposed within said wireless range (*i.e.*, the file to be transferred is initially disposed on the

Accused Instrumentalities), a communication link structured to dispose said media system and said wireless mobile device in a communicative relation with one another via said at least one interactive computer network (*i.e.*, the Accused Instrumentalities include a Bluetooth network device which operate to create a Bluetooth network), said communication link being initiated by said media system (*i.e.*, the Accused Instrumentalities initiate a Bluetooth connection), said wireless mobile device and media system being structured to transmit said at least one digital media file therebetween via said communication link (*i.e.*, the Accused Instrumentalities are structured to transmit a file between them using Bluetooth), and said communication link is structured to bypass the security measure of the media system for a limited permissible use of the communication link by the wireless mobile device for only transferring the at least one digital media file to, and displaying the at least one digital media file on, the media system (*i.e.*, the Accused Instrumentalities use Android Beam to bypass Bluetooth security settings such as pairing solely for the purpose of transferring the file between them). *See* Ex. B, Figs. 1-8.

19. The Accused Instrumentalities infringe claim 14 of the '723 Patent, wherein the transmission of the at least one digital media file from the wireless mobile device to the media system completely bypasses the security measure (*i.e.*, Android Beam completely bypasses the Bluetooth Network security measures such as pairing requirements). *See* Ex. B, Figs. 1-7.

20. The Accused Instrumentalities infringe claim 17 of the '723 Patent, wherein the communication link is at least one of a peer-to-peer connection, Bluetooth connection, and a WiFi connection (*i.e.*, the Accused Instrumentalities use Android Beam to create a peer-to-peer Bluetooth connection). *See* Ex. B, Figs. 1-7.

21. The Accused Instrumentalities infringe claim 18 of the '723 Patent, wherein the at least one digital media file is at least one of an image file, video file, gaming file, and a

streaming video file (*e.g.*, the Accused Instrumentalities use Android Beam to transmit image and/or video files). *See* Ex. B, Figs. 1-7.

22. The Accused Instrumentalities infringe claim 19 of the '723 Patent, wherein the further media system is configured to present the at least one digital media file on a display (*i.e.*, the Accused Instrumentalities are configured to display the transferred file). *See* Ex. B, Figs. 1-7.

23. The Accused Instrumentalities infringe claim 20 of the '723 Patent, wherein the at least one media file is provided by the wireless mobile device (*i.e.*, the Accused Instrumentalities are wireless mobile devices which provide the media file to be transferred). *See* Ex. B, Figs. 1-7.

24. The Accused Instrumentalities infringe claim 22 of the '723 Patent by performing a method of transferring a media file from a wireless mobile device to a media system over a communication network, the media system including a security measure, comprising: disposing the media system in an accessible relation to at least one interactive computer network that has a wireless range structured to permit authorized access to said at least one interactive computer network, wherein the wireless mobile device within said wireless range, wherein said wireless mobile device is detectable by said media system, (*i.e.*, the Accused Instrumentalities include a Bluetooth networking device, a NFC device which allows access to the Bluetooth network when used in combination with Android Beam and which automatically detects other devices once in NFC range), initially disposing at least one digital media file on the wireless mobile device, said media system being structured to detect said wireless mobile device disposed within said wireless range (*i.e.*, the file to be transferred is initially disposed on the Accused Instrumentalities), structuring a communication link to dispose said media system and said wireless mobile device in a communicative relation with one another via said at least one

interactive computer network (*i.e.*, the Accused Instrumentalities include a Bluetooth device which operates to create a Bluetooth network), initiating said communication link by said media system (*i.e.*, the Accused Instrumentalities initiate a Bluetooth network), transmitting by said wireless mobile device to the media system said at least one digital media file therebetween via said communication link (*i.e.*, the Accused Instrumentalities use Android Beam to transmit the digital media file), and wherein said communication link is structured to bypass the security measure of the media system for a limited permissible use of the communication link by the wireless mobile device for only transferring the at least one digital media file to, and displaying the at least one digital media file on, the media system (*i.e.*, the Accused Instrumentalities use Android Beam to bypass Bluetooth security settings such as pairing solely for the purpose of transferring the file between them).  *See* Ex. B, Figs. 1-8.

25.     The Accused Instrumentalities infringe claim 24 of the '723 Patent, wherein the transmission of the at least one digital media file from the wireless mobile device to the media system completely bypasses the security measure (*i.e.*, Android Beam completely bypasses the Bluetooth network security measures such as pairing requirements).  *See* Ex. B, Figs. 1-7.

26.     The Accused Instrumentalities infringe claim 27 of the '723 Patent, wherein the communication link is at least one of a peer-to-peer connection, Bluetooth connection, and a WiFi connection (*i.e.*, the Accused Instrumentalities use Android Beam to create a peer-to-peer Bluetooth connection).  *See* Ex. B, Figs. 1-7.

27.     The Accused Instrumentalities infringe claim 28 of the '723 Patent, wherein the at least one digital media file is at least one of an image file, video file, gaming file, and a streaming video file (*e.g.*, the Accused Instrumentalities use Android Beam to transmit image and/or video files).  *See* Ex. B, Figs. 1-7.

28. The Accused Instrumentalities infringe claim 29 of the '723 Patent presents the at least one digital media file on a display (*i.e.*, the Accused Instrumentalities display the transferred file). *See* Ex. B, Figs. 1-7.

29. The Accused Instrumentalities infringe claim 30 of the '723 Patent, wherein the at least one digital media file is provided by the wireless mobile device (*i.e.*, the Accused Instrumentalities are wireless mobile devices). *See* Ex. B, Figs. 1-7.

30. The Accused Instrumentalities infringe claim 32 of the '723 Patent, they are wireless mobile devices configured to transmit a media file to a media system over a communication network having a security measure comprising: the media system disposed in an accessible relation to at least one interactive computer network that has a wireless range structured to permit authorized access to said at least one interactive computer network (*i.e.*, the Accused Instrumentalities include an NFC device with Android Beam which permit access to the Accused Instrumentalities Bluetooth network), the wireless mobile device within said wireless range, wherein said wireless mobile device is detectable by said media system (*i.e.*, the Accused Instrumentalities can be placed in contact with one another using NFC which automatically detects other devices once in NFC range), at least one digital media file initially disposed on the wireless mobile device, said media system being structured to detect said wireless mobile device disposed within said wireless range (*i.e.*, the file to be transferred is initially disposed on the Accused Instrumentalities), a communication link structured to dispose said media system and said wireless mobile device in a communicative relation with one another via said at least one interactive computer network (*i.e.*, the Accused Instrumentalities include a Bluetooth device which operates to create a Bluetooth network), said communication link being initiated by said media system (*i.e.*, the Accused Instrumentalities initiate a Bluetooth connection), said wireless

mobile device and media system being structured to transmit said at least one digital media file therebetween via said communication link (*i.e.*, the Accused Instrumentalities are structured to transmit a file between them using Bluetooth), and said communication link is structured to bypass the security measure of the media system for a limited permissible use of the communication link by the wireless mobile device for only transferring the at least one digital media file to, and displaying the at least one digital media file on, the media system (*i.e.*, the Accused Instrumentalities use Android Beam to bypass Bluetooth security settings such as pairing solely for the purpose of transferring the file between them). *See* Ex. B, Figs. 1-8.

31. The Accused Instrumentalities infringe claim 34 of the '723 Patent, wherein the transmission of the at least one digital media file from the wireless mobile device to the media system completely bypasses the security measure (*i.e.*, Android Beam completely bypasses the Bluetooth network security measures such as pairing requirements). *See* Ex. B, Figs. 1-7.

32. The Accused Instrumentalities infringe claim 37 of the '723 Patent, wherein the communication link is at least one of a peer-to-peer connection, Bluetooth connection, and a WiFi connection (*i.e.*, the Accused Instrumentalities use Android Beam to create a peer-to-peer Bluetooth connection). *See* Ex. B, Figs. 1-7.

33. The Accused Instrumentalities infringe claim 38 of the '723 Patent, wherein the at least one digital media file is at least one of an image file, video file, gaming file, and a streaming video file (*e.g.*, the Accused Instrumentalities use Android Beam to transmit image and/or video files). *See* Ex. B, Figs. 1-7.

34. The Accused Instrumentalities infringe claim 39 of the '723 Patent, wherein the device is configured to present the at least one digital-media file on a display (*i.e.*, the Accused Instrumentalities are configured to display the transferred file). *See* Ex. B, Figs. 1-7.

35. The Accused Instrumentalities infringe claim 40 of the '723 Patent, wherein the at least one digital media file is provided by the wireless mobile device (*i.e.*, the Accused Instrumentalities are wireless mobile devices). *See* Ex. B, Figs. 1-7.

36. The Accused Instrumentalities infringe claim 42 of the '723 Patent by including a transfer system from transferring a media file over a communication network, comprising a media system; and a wireless mobile device, wherein the media system includes: a wireless receiver (*i.e.*, a NFC device), a security measure (*e.g.*, Bluetooth networking security measures), and a processor (*e.g.*, a Qualcomm Snapsdragon processor) configured to [sic] the media system disposed in an accessible relation to at least one interactive computer network that has a wireless range structured to permit authorized access to said at least one interactive computer network (*i.e.*, the Accused Instrumentalities include a NFC device which allows access to the Bluetooth network when used in combination with Android Beam), the wireless mobile device within said wireless range, wherein said wireless mobile device is detectable by said media system (*i.e.*, the Accused Instrumentalities can be placed in contact with one another using NFC which automatically detects other devices once in NFC range), at least one digital media file initially disposed on the wireless mobile device, said media system being structured to detect said wireless mobile device disposed within said wireless range (*i.e.*, the file to be transferred is initially disposed on the Accused Instrumentalities), a communication link structured to dispose said media system and said wireless mobile device in a communicative relation with one another via said at least one interactive computer network (*i.e.*, the Accused Instrumentalities include a Bluetooth device which operate to create a Bluetooth network), said communication link being initiated by said media system (*i.e.*, the Accused Instrumentalities initiate a Bluetooth connection), said wireless mobile device and media system being structured to transmit said at

least one digital media file therebetween via said communication link (*i.e.*, the Accused Instrumentalities are structured to transmit a file between them using Bluetooth), and said communication link is structured to bypass the security measure of the media system for a limited permissible use of the communication link by the wireless mobile device for only transferring the at least one digital media file to, and displaying the at least one digital media file on, the media system (*i.e.*, the Accused Instrumentalities use Android Beam to bypass Bluetooth security settings such as pairing solely for the purpose of transferring the file between them). *See* Ex. B, Figs. 1-8.

37. The Accused Instrumentalities infringe claim 44 of the '723 Patent, wherein the transmission of the at least one digital media file from the wireless mobile device to the media system completely bypasses the security measure (*i.e.*, Android Beam completely bypasses the Bluetooth Network security measures such as pairing requirements). *See* Ex. B, Figs. 1-7.

38. The Accused Instrumentalities infringe claim 47 of the '723 Patent, wherein the communication link is at least one of a peer-to-peer connection, Bluetooth connection, and a WiFi connection (*i.e.*, the Accused Instrumentalities use Android Beam to create a peer-to-peer Bluetooth connection). *See* Ex. B, Figs. 1-7.

39. The Accused Instrumentalities infringe claim 48 of the '723 Patent, wherein the at least one digital media file is at least one of an image file, video file, gaming file, and a streaming video file (*e.g.*, the Accused Instrumentalities use Android Beam to transmit image and/or video files). *See* Ex. B, Figs. 1-7.

40. The Accused Instrumentalities infringe claim 49 of the '723 Patent, wherein the system is configured to present the at least one digital media file on a display (*i.e.*, the Accused Instrumentalities are configured to display the transferred file). *See* Ex. B, Figs. 1-7.

41. The Accused Instrumentalities infringe claim 50 of the '723 Patent, wherein the at least one digital media file is provided by the wireless mobile device (*i.e.*, the Accused Instrumentalities are wireless mobile devices). *See* Ex. B, Figs. 1-7.

42. As a result of the Defendant's infringement of the '723 Patent, Plaintiff has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this Court.

43. Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '723 Patent, Plaintiff will be irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

1. A judgment in favor of Plaintiff that Defendant has infringed the '723 Patent;

2. A permanent injunction enjoining Defendant and its officers, directors, agents servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '723 Patent, or such other equitable relief the Court determines is warranted;

3. A judgment and order requiring Defendant pay to Plaintiff its damages, costs, expenses, and prejudgment and post-judgment interest for Defendant's infringement of the '723 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement; and

4. Any and all other relief, at law or equity, to which Plaintiff may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  January 23, 2017

Respectfully submitted,

*/s/ Thomas C. Wright*
Thomas C. Wright, Ph.D.
State Bar No. 24028146
Alex J. Whitman
State Bar No. 24081210
Cunningham Swaim, LLP
7557 Rambler Road, Suite 400
Dallas, TX 75231
Telephone: (214) 646-1495
twright@cunninghamswaim.com
awhitman@cunninghamswaim.com