IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **DISPLAY TECHNOLOGIES, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ZTE (USA) INC.,**<br><br>**Defendant.** | Civil Action No. 2:17-cv-00068-JRG-RSP<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

### ANSWER AND COUNTERCLAIMS OF ZTE (USA) INC. TO COMPLAINT FOR PATENT INFRINGEMENT

To the extent any response is required to the unnumbered preamble of Plaintiff's Complaint for Patent Infringement: Denied.

### PARTIES

1.   Denied, because ZTE (USA) Inc. ("ZTE USA") is without knowledge or information sufficient to form a belief as to the truth of the averments.

2.   ZTE USA admits that it is a New Jersey corporation with its principal place of business in Richardson, Texas. ZTE USA admits that its registered agent for service of process is listed as Jing Li with an address of 2425 N. Central Expressway, Suite 323, Richardson, Texas 75080.

### JURISDICTION AND VENUE

3.   Denied, except that for purposes of this Civil Action No. 2:17-cv-68, ZTE USA does not object to the exercise of jurisdiction by this Court.

4.   Denied.

5.   Denied.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 9,300,723)

6. ZTE USA admits that Exhibit A is entitled "U.S. Patent No. 9,300,723" with an issue date of March 29, 2016 and is entitled "Enabling Social Interactive Wireless Communications." ZTE USA denies all other allegations in this paragraph.

7. ZTE USA admits that Exhibit A purports to list a Mr. Leigh M. Rothschild as the inventor of U.S. Patent No. 9,300,723.

8. To the extent any response is required: Denied, because ZTE USA is without knowledge or information sufficient to form a belief as to the truth of the averments.

9. Denied.

10. Denied.

11. To the extent any response is required: Denied, because ZTE USA is without knowledge or information sufficient to form a belief as to the truth of the averments.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## PRAYER FOR RELIEF

In response to the Prayer for Relief contained in the Complaint, ZTE USA denies that it infringes or has infringed any valid claim of the '723 Patent. ZTE USA denies that Plaintiff is entitled to any of the relief requested in Subparagraphs 1 through 4 of the Prayer for Relief section of the Complaint.

ZTE USA denies that Plaintiff is entitled to any relief whatsoever against ZTE USA in this action, either as prayed for in its Complaint or otherwise.

## DEMAND FOR JURY TRIAL

To the extent any response is required: Denied, except that ZTE USA below demands a trial by jury on all claims, issues, and damages so triable.

44.     To the extent ZTE USA has not already addressed elsewhere any averments of Plaintiff's Complaint for Patent Infringement:  Denied.

## DEFENSES

45.     Pursuant to Federal Rule of Civil Procedure 8(b) and (c), without assuming any burden that it would not otherwise bear, without reducing or removing Plaintiff's burdens of proof on its affirmative claims against ZTE USA, reserving its right to assert additional defenses, and affirmatively solely to the extent deemed necessary by the Court to maintain any or all of the following defenses, ZTE USA asserts the following defenses to Plaintiff's Complaint for Patent Infringement:

## FIRST DEFENSE

46.     ZTE USA does not and has not infringed any valid and enforceable claim of U.S. Patent No. 9,300,723; (the "patent-in-suit") literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability.

## SECOND DEFENSE

47. Each of the claims of the patent-in-suit is invalid and/or unenforceable for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code, including without limitation, for example, Sections 101, 102, 103, and 112.

## THIRD DEFENSE

48. Plaintiff's claims for patent infringement are precluded in whole or in part (i) to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to ZTE USA by (or by ZTE USA to) any entity or entities having express or implied licenses to the patents-in-suit and/or (ii) under the doctrine of patent exhaustion.

## FOURTH DEFENSE

49. Plaintiff is barred in whole or in part under principles of equity, including without limitation prosecution laches, waiver, estoppel, and/or unclean hands.

## FIFTH DEFENSE

50. Any claim by Plaintiff for damages is limited under 35 U.S.C. §§ 286 or 287. Plaintiff is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the Complaint. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs associated with its action.

## SIXTH DEFENSE

51. Plaintiff has failed to provide adequate evidence of ownership of the patent-in-suit.

## SEVENTH DEFENSE

52. Plaintiff lacks standing to bring suit for alleged infringement of the patent-in-suit.

## EIGHTH DEFENSE

53. Plaintiff is not entitled to injunctive relief under any theory, at least because: (1) Plaintiff has not suffered nor will it suffer irreparable harm because of ZTE USA's conduct; (2) any harm to Plaintiff would be outweighed by the harm to ZTE USA if an injunction were entered; (3) Plaintiff has an adequate remedy at law even if it were to prevail in this action; and (4) the public interest would not be served by an injunction in favor of Plaintiff.

## NINTH DEFENSE

54. Plaintiff has failed to state a claim upon which relief can be granted.

## TENTH DEFENSE

55. This is an exceptional case under 35 U.S.C. § 285, entitling ZTE USA to an award of its costs, expenses, and reasonable attorney fees in this action.

## ELEVENTH DEFENSE

56. Plaintiff is barred from pursuing its claims in the Eastern District of Texas because venue is improper, and the Complaint should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, transferred to the proper venue.

## RESERVATION OF RIGHTS

57. ZTE USA reserves any and all rights to amend its answer, including its currently pled defenses, and/or to add additional defenses, as any basis for doing so becomes apparent.

## ZTE USA'S COUNTERCLAIMS

Counterclaim Plaintiff ZTE (USA) Inc. ("ZTE USA"), as and for its counterclaims against counterclaim defendant Display Technologies, LLC ("DTL"), states as follows:

## NATURE OF ACTION

1. This is a Declaratory Judgment action for a declaration of non-infringement and invalidity of the U.S. Patent asserted against ZTE USA by DTL in its Complaint for Patent Infringement (its "complaint"); U.S. Patent No. 9,300,723.

## PARTIES

2. ZTE USA is a New Jersey corporation with its principal place of business at 2425 North Central Expressway, Suite 800, Richardson, Texas 75080.

3. On information and belief, as averred in its complaint, DTL is a Texas limited liability company with its principal place of business in Plano, Texas.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the counterclaims under 28 U.S.C. §§ 2201 and 2202 as a declaratory judgment action; and, as averred in DTL's complaint, under 28 U.S.C. §§ 1331 and 1338 as an action arising under the Patent Laws, Title 35 of the United States Code.

5. By filing its complaint in this District, DTL has affirmatively sought and consented to the personal jurisdiction of this Court for purposes of ZTE USA's counterclaims, and the Court does have personal jurisdiction over the counterclaim defendant.

6. If and to the extent venue is (or would have been) proper over any of the claims in the complaint, venue over all counterclaims would also be proper in this District under 28 U.S.C. §§ 1391 and 1400. However, ZTE USA asserts its counterclaims while preserving all rights to assert its affirmative defense of improper venue against DTL's complaint. On the other hand, by maintaining its complaint, DTL has waived any objection it might have or make to venue over ZTE USA's counterclaims.

## COUNTERCLAIM I

### (DECLARATION OF NON-INFRINGEMENT—'723 Patent)

7.     ZTE USA re-avers and incorporates by reference its unnumbered preamble and paragraphs 1 through 6 of ZTE USA's Counterclaims as though fully set forth herein.

8.     DTL avers in its complaint that it is "the owner by assignment of the '723 Patent with all rights in and to that patent."

9.     DTL avers in its complaint that ZTE USA:

> directly or through intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems…that infringe claims 1, 3, 6, 7, 8, 9, 12, 14, 17, 18, 19, 20, 22, 24, 27, 28, 29, 30, 32, 34, 37, 38, 39, 40, 42, 44, 47, 48, 49, and 50…by, among other things, directly or through intermediaries, making, using, importing, selling, and/or offering for sale Android mobile phones…which all operate in substantially the same manner covered by one or more claims of the '723 Patent…. Defendant is thus infringing, literally infringing, and/or infringing the '723 Patent under the doctrine of equivalents.

Thus, an actual, substantial controversy exists between ZTE USA and DTL concerning ZTE USA's non-infringement of the '723 patent.

10.     ZTE USA does not infringe, and has not infringed, any valid and enforceable claim of the '723 patent literally, under the doctrine of equivalents, directly, indirectly, contributorily, by way of inducement, and/or via any other mechanism of liability under the Patent Act.

11.     Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ZTE USA is entitled to a declaration that the claims of the '723 patent are not, and have not been, infringed by ZTE USA or any affiliate (or, with respect to ZTE USA products, any customer) of ZTE USA.

12.     The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by DTL in its complaint.

## COUNTERCLAIM II

## (DECLARATION OF INVALIDITY—'723 Patent)

13. ZTE USA re-avers and incorporates by reference its unnumbered preamble and paragraphs 1 through 12 of ZTE USA's Counterclaims as though fully set forth herein.

14. One or more claims of the '723 patent are invalid or void for failing to satisfy one or more of the conditions of patentability set forth in Part II of Title 35 of the United States Code, including without limitation, for example, sections 101, 102, 103, and/or 112.

15. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 et seq., ZTE USA is entitled to a declaration that the claims of the '723 patent are invalid.

16. The requested declaratory relief would serve the useful purpose of clarifying the legal issues and resolving the claims of infringement made by DTL in its complaint.

## DEMAND FOR JURY TRIAL

17. ZTE USA demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

FOR THESE REASONS, ZTE USA respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. That the Court enter an order that DTL take nothing by its complaint in this action; and,

B. That the Court enter an order awarding ZTE USA its costs, expenses and reasonable attorney fees in this action because this is an exceptional case under 35 U.S.C. § 285 as a result of, *inter alia*, the above-pleaded denials, defenses, and/or counterclaims.

April 10, 2017                              Respectfully submitted,

                                             */s/ Eric H. Findlay*

                    Eric H. Findlay
                    Texas Bar No. 00789886
                    efindlay@findlaycraft.com
                    Findlay Craft PC
                    102 North College Avenue, Suite 900
                    Tyler, TX 75702
                    P: 903-534-1100
                    F: 903-534-1137

                    Scott R. Miller
                    California Bar No. 112656
                    smiller@sheppardmullin.com
                    SHEPPARD, MULLIN, RICHTER &
                    HAMPTON LLP
                    333 South Hope Street, 43rd Floor
                    Los Angeles, California 90071-1422
                    P: 213.620.1780
                    F: 213.620.1398
                    ***ATTORNEYS FOR DEFENDANT ZTE (USA) INC.***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this document was filed electronically in compliance with Local Rule CV-5, and thereby served on all counsel who have consented to electronic service today, April 10, 2017.

                    */s/ Eric H. Findlay*
                    Eric H. Findlay